Recognizing that the overwhelming weight of authority is contrary to his position, counsel candidly asks this court to re-examine the whole concept of congressional military conscription and in effect "overrule" by ignoring, for example, the United States Supreme Court pronouncement in the Selective Draft Law Cases, *supra*, on the ground that such cases were incorrectly decided. This we may with propriety do, asserts counsel, because this court in the instant case is more fully informed than was the United States Supreme Court in the Selective Draft Law Cases as to the historical setting in which the Constitution was framed and ratified. We reject the invitation of counsel to thus "overrule" the United States Supreme Court. Under the authorities above cited, we conclude that the statute under which Hobbs was convicted is constitutional and not subject to any of the constitutional infirmities perceived by counsel. In view of the considerable body of law already existing on this subject, we see no good reason for replowing the same ground and hence will not discuss seriatim the numerous grounds urged here by counsel as to why the statute in question is unconstitutional.

An additional ground for reversal concerns the instructions given and refused on the issue of wilfulness and knowledge. The jury was instructed over objection to the effect that a good faith belief that the selective service law was unconstitutional was not an excuse for failing to report for a physical examination and did not negate wilfulness. Counsel offered several instructions which were refused by the trial court to the effect that if Hobbs failed to report for his physical examination because of deeply held moral, ethical or religious beliefs, then the jury should find him not guilty.

We find no error in the instruction given concerning the matter of wilfulness, nor in the trial court's refusal to give the instructions tendered by Hobbs on this subject. See, in this regard, United States v. Boardman, 419 F.2d 110 (1st Cir. 1969), cert. denied, 397 U.S. 991, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970), where an attack was made on the instructions given by the trial court bearing on the issue of wilfulness in a criminal prosecution for failure to report for civilian work in the national interest. In that case "motive" and "intent" were distinguished, and the court rejected the argument that a good faith belief in the unconstitutionality of Government action excused otherwise criminal conduct and held that evidence as to the defendant's political and social beliefs did not bear on whether he knowingly and deliberately failed to report for alternate service. We concur in the rationale of *Boardman*.

Judgment affirmed.

Charles E. FLOYD, Plaintiff-Appellant,

v.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant-Appellee.

No. 71–2014

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 18, 1971.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc., v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Irvin J. Langford, Jr., Mobile, Ala., James R. Owen, Bay Minette, Ala., for plaintiff-appellant.

Brock B. Gordon, E. Watson Smith, Mobile, Ala., for defendant-appellee; Johnstone, Adams, May, Howard & Hill, Mobile, Ala., of counsel.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**UNITED STATES of America, Appellant,**

v.

**BBF LIQUIDATING, INC., Appellee.**

No. 71-1360.

United States Court of Appeals, Ninth Circuit.

Oct. 14, 1971.

Rehearing Denied Nov. 29, 1971.

Harry First, New York City (argued), Gregory B. Hovendon, Dept. of Justice, Richard W. McLaren, Asst. Atty. Gen., Washington, D. C., Allen J. Taylor, Raymond P. Hernacki, Los Angeles, Cal., for appellant.

Laughlin E. Waters (argued), of Nossaman, Waters, Scott, Krueger & Riordan, Los Angeles, Cal., for appellee.

Before CHAMBERS and CHOY, Circuit Judges, and MUECKE,* District Judge.

PER CURIAM:

The order dismissing the indictment against BBF Liquidating, Inc. is reversed. The district court is directed to reinstate the indictment.

The question is whether a dissolved California corporation can be federally indicted after dissolution. Here the district court seems to have followed United States v. Safeway Stores, Inc., 10 Cir., 140 F.2d 834.

However, generally we elect to follow United States v. San Diego Grocers Association, Inc., S.D.Cal., 177 F.Supp. 352, which reaches an opposite result from Safeway, supra.

We take San Diego Grocers Association to be a holding that a dissolved California corporation has the same vitality for all criminal prosecutions as it does for civil actions.

---

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* The Honorable C. A. Muecke, United States District Judge for the District of Arizona, sitting by designation.